**IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION**

| | | |
|---|---|---|
| In re the Chapter 11 of | ) | |
| AMERICAN PAVING SERVICES, INC. | ) | Case No. 25-22397 |
| | ) | |
| Debtor. | ) | Chapter 11, SubChapter V |
| | ) | |

**ORDER CONFIRMING PLAN AS A NONCONSENSUAL PLAN**

A hearing with regard to the issues raised by confirmation of the proposed Chapter 11 Plan of Reorganization was held at Hammond, Indiana, on May 14, 2026.

This matter came before the Court regarding the confirmation of Debtor's Chapter 11 Plan of Reorganization filed on March 11, 2026.

The Debtor filed its Ballot Report on April 30, 2026 ("Ballot Report") (Dkt #79). The Ballot Report indicates that Plan Class 4 voted affirmatively and Classes 1 and 5 rejected the Plan, but no votes were cast by creditors in Impaired Classes 2 and 3.

Creditor, Ivywood, LLC, a Class 5 General Unsecured Creditor, filed its Objection to Debtor's Plan of Reorganization on April 16, 2026 (Dkt #76). On May 14, 2026, an Agreed Immaterial Modification of Plan was filed (Dkt #96) and on May 14, 2026, Ivywood, LLC withdrew its Objection to Confirmation on the record in open court.

Creditor, Commercial Credit Group, Inc., a Class 3 Secured Creditor, did not file an Objection to Confirmation as it reached an agreement with the Debtor for an Immaterial Modification of the Plan. On May 14, 2026, an Agreed Immaterial Modification of Plan was filed (Dkt #96).

It being determined after giving notice as required and hearing that the requirements for confirmation have been satisfied, the Court finds that the Debtor's Plan of Reorganization may be confirmed. The Court confirms the Plan as a nonconsensual Plan pursuant to 11 U.S.C. §§ 1 191(b) and 1129.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED Debtor's Plan of Reorganization is confirmed as a nonconsensual plan. Further, the terms and provisions of the Immaterial Modifications are approved by the Court. Additionally, the following Immaterial Modification shall control the distributions and operations of the Debtor post confirmation as follows:

"Article 7: Means for Implementations of the Plan

7.1 Dispersing Agent – All distributions and disbursements under this Plan shall be made by the Debtor.

7.2 The Order of Confirmation shall provide that the Subchapter V Trustee need not perform any duties after substantial consummation and shall file the Trustee's Final Report. That in the event that any party in interest desires to have the Sub V Trustee be reappointed to perform any of the duties set forth in regard to property of the Estate, said party shall file a Motion with the Court.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Plan provides to maintain liens on property of the reorganized Debtor only for the benefit of Creditors, Indiana Department of Revenue, Commercial Credit Group, Inc., and San Corporation. Pursuant to U.S.C. 1141 all other liens are void.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Plan provides to maintain liens on property of the reorganized Debtor only for the benefit of creditors, that pursuant to 11 U.S.C. §1141 all other liens are void.

IT IS FURTHER ORDERED that the Court shall retain jurisdiction until the Plan has been fully consummated, including, but not limited to, the following purposes:

1. The classification of the claim of any creditor and the re-examination of claims which have been allowed for purposes of voting and the determination of such objection as may be filed to the creditors' claims (the failure of debtor to object to or to examine any claim for the purposes of voting shall not be deemed to be a waiver of the debtor's rights to object to or to re-examine the claim in whole or in part);
2. The determination of all questions and disputes regarding title to the assets of the estate and the determination of all causes of action, controversies, disputes or conflicts, whether or not subject to action pending as of the date of confirmation between the debtor and any other party, including but not limited to any rights of the debtor to recover assets pursuant to the provisions of Title 11 of the United States Code;
3. The correction of any defect, the curing of any omissions, the reconciliation of any inconsistency in the Plan or the Order of Confirmation, as may be necessary to carry out the purposes and intent of this Plan;
4. The modification of this Plan after confirmation pursuant to the Bankruptcy Rules and Title 11 of the United States Code;
5. The enforcement and interpretation of the terms and conditions of this Plan;

6. The entry of any order necessary to maintain, lease, transfer, or in any way affect property which the debtor has the power and authority over pursuant to the terms of this Plan or to which the Official Unsecured Creditors' Committee has the power and authority to direct the debtor pursuant to the terms of this Plan;
7. The entry of any order concluding and terminating this case.

ALL OF WHICH IS HEREBY ORDERED on May 14, 2026.

James R. Ahler

JUDGE, US BANKRUPTCY COURT